OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. Paxton.
[Cite as Disciplinary Counsel v. Paxton (1993),      Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Public reprimand --
      Professional judgment reasonably affected by personal and
      financial interests.
      (No. 92-2527 - - Submitted February 2, 1993 - -
      Decided April 28, 1993.)
      On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-48.
      On December 9, 1991, Office of Disciplinary Counsel,
relator, filed a complaint with the Board of Commissioners on
Grievances and Discipline of the Supreme Court ("board")
against Robert C. Paxton II of Columbus, Ohio, Attorney
Registration No. 0003859, respondent.  Relator charged
respondent with violating DR 1-102(A)(6) (engaging in conduct
adversely reflecting on fitness to practice law) and 5-101(A)
(professional judgment reasonably affected by own personal and
financial interests).
      In April 1986, respondent commenced representing Nancy S.
Blodgett in her divorce action.  The marital assets exceeded
several million dollars.
      During the representation, respondent and Blodgett engaged
in a consenting, romantic relationship.  Nevertheless,
respondent continued to represent Blodgett, and, after their
relationship ended, Blodgett disputed respondent's fee.
Respondent admits his personal and financial interest may have
affected his professional judgment in violation of DR 5-101(A).
      Relator recommended that we publicly reprimand respondent,
and respondent accepts this recommendation.  Respondent,
moreover, waived hearing in this matter.
      A panel of the board found that respondent violated DR
5-101(A) and recommended a public reprimand.  The board adopted
the findings of fact, conclusions of law, and recommendation of
the panel.

      J. Warren Bettis, Disciplinary Counsel, and Dianna L.
Chesley, Assistant Disciplinary Counsel, for relator.

Squire, Sanders & Dempsey, David J. Young and John R. Gall; and Mark H. Aultman, for respondent.

Per Curiam.  After reading the testimonial letters submitted by respondent, we agree with the findings and recommendation of the board.  We hereby publicly reprimand respondent and tax costs to him.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.